24356. THOMPSON *v.* SOUTHEASTERN FAIR ASSOCIATION *et al.*

STEPHENS, J. 1. A promise to do something which is contingent upon the performance of an act by the promisee is, until the latter's performance, a mere offer, and it does not become a binding contractual obligation until accepted by the promisee by the performance of the act. In a petition where it is alleged that the defendant, who conducted a fair for the exhibition of farm products, poultry, pigeons, live stock, etc., had promised the plaintiff, who was a breeder and raiser of fancy and expensive prize pigeons, that if the plaintiff would not "send his pigeons" to another named fair the pigeons "would be shown" at the defendant's fair, and where it does not appear at what time the fair to which the plaintiff was not to send his pigeons was to be held, and it does not appear that the plaintiff failed to send his pigeons to this fair, it does not appear from the petition that the plaintiff accepted the defendant's offer. The petition therefore fails to allege a contract between the parties, by which the defendant was bound to permit the plaintiff to exhibit his pigeons at the defendant's fair. An allegation that the plaintiff "agreed to hold his pigeons out of" the fair to which he was not to send them, and relied on the promise of the defendant to permit the plaintiff to exhibit his pigeons at the defendant's fair, is not an allegation that the defendant's offer was accepted by the plaintiff's performance of the act which was the condition of the defendant's offer, namely, refraining from

sending his pigeons to the other fair. From these allegations it does not appear that any contract arose between the plaintiff and the defendant. It therefore follows that a failure of the defendant to permit the plaintiff to exhibit his pigeons at the defendant's fair constituted no breach of contract.

2. Where it appears elsewhere in the petition that a written invitation from the defendant to exhibitors generally to exhibit poultry, live stock, and farm products at the defendant's fair, which was relied upon by the plaintiff as constituting a contract between him and the defendant, contained a provision that the defendant reserved the right "to reject any entries not wanted," a refusal of the defendant to permit the plaintiff to exhibit his pigeons at the defendant's fair constituted no breach of the contract.

3. The petition failed to set out a cause of action, and it was not error to sustain the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED OCTOBER 3, 1935.

*Armistead & Patrick, Frank A. Bowers,* for plaintiff.

*Ray Williams, Colquitt, Parker, Troutman & Arkwright,* for defendants.

